IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| BENJAMIN OSIFO, JR., #1581906 | § | |
| VS. | § | CIVIL ACTION NO. 4:19cv86 |
| DIRECTOR, TDCJ-CID | § | |

## ORDER OF DISMISSAL

Petitioner Benjamin Osifo, Jr., a prisoner confined in the Texas prison system, filed the above-styled and numbered petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The cause of action was referred to United States Magistrate Judge Christine A. Nowak, who issued a Report and Recommendation concluding that the petition should be dismissed. Osifo has filed objections.

Osifo is challenging his Collin County conviction for the offense of indecency with a child. He previously filed a petition for a writ of habeas corpus in this court challenging the conviction, which was dismissed with prejudice. *Osifo v. Director, TDCJ-CID*, No. 4:10cv383 (E.D. Tex. July 28, 2011). Osifo did not appeal the decision. The present petition was filed on February 1, 2019. Magistrate Judge Nowak concluded that the present petition should be dismissed because Osifo has not shown that the Fifth Circuit authorized him to file a second or successive petition.

In his objections, Osifo acknowledges that he previously filed a petition for a writ of habeas corpus. He adds, however, that he thought the petition was dismissed without prejudice. He goes on to discuss the merits of his claims.

The present petition should be dismissed in light of 28 U.S.C. § 2244(b)(3)(A). This court lacks subject matter jurisdiction to consider a second or successive petition unless the Fifth Circuit has granted the petitioner permission to file it. *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). A

district court should dismiss a second or successive petition for lack of subject matter jurisdiction that has been filed without the permission of the Fifth Circuit. *Id.* at 838. Osifo has not shown that he received permission to file a second or successive petition. Moreover, a review of the Fifth Circuit's website reveals that he has not been granted permission to file a second or successive petition. With respect to his objections, it does not matter whether he thought his previous petition was dismissed without prejudice. The dispositive factor is that this court may not consider another petition from him unless and until the Fifth Circuit grants him permission to file it. The petition must be dismissed for lack of subject matter jurisdiction.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Osifo to the Report, the court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Osifo's objections are without merit. Therefore, the court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the court. It is accordingly

**ORDERED** that the petition for a writ of habeas corpus is **DISMISSED** without prejudice for lack of subject matter jurisdiction. A certificate of appealability is **DENIED**. All other motions not previously ruled on are hereby **DENIED**. It is finally

**ORDERED** that the Clerk of Court shall return unfiled any new petition for a writ of habeas corpus submitted by Osifo regarding his conviction unless he shows that he has received permission from the Fifth Circuit to file it.

**SIGNED this the 14th day of March, 2019.**

_Richard A. Schell_
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE